IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Charles Dombek, Justin T. Foxx, The Optimal Insurance Group, Paul Cassano & Paul LoPiccolo,<br><br>Plaintiffs,<br><br>v.<br><br>F. Miles Adler,<br><br>Defendant. | Civil Action No. 2:18-cv-391-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on Defendant F. Miles Adler's Motion for a Default Judgment (Dkt. No. 45) and Plaintiff Paul Cassano's Motion for Enlargement of Time to answer Defendant Adler's counterclaim (Dkt. No. 48). For the reasons set forth below, the Court denies Defendant Adler's motion, and grants Plaintiff Cassano's motion.

### I. Background

On February 5, 2019, the Court granted in part and denied in part Plaintiffs' motion to dismiss Defendant Adler's counterclaims. (Dkt. No. 40.) The Court dismissed nine out of ten of Defendant's counterclaims, with a breach of contract claim regarding Plaintiff Cassano being the sole remaining claim. (*Id.*) Plaintiff Cassano has not responded to this remaining counterclaim. Defendant Adler now moves for an entry of default and judgment against Plaintiff Cassano. (Dkt. No. 45.) Plaintiff Cassano opposes the motion, and moves to extend his time to respond to the counterclaim. (Dkt. No. 48.)

### II. Discussion

Defendant Adler's motion for a default judgment is without merit. This Court's order on the motion to dismiss was issued on February 5, 2019 (the "Court's Order"). Under Federal Rule

of Civil Procedure 12, Defendant Adler was required to respond to the remaining claim within fourteen days, February 19, 2019. However, while Defendant Adler did not respond, he had been a responsive participant in this case since the Court's Order, filing his Pre-Trial Disclosures, a Response to Defendant Adler's Motion, and a Motion for Extension of Time to file his Answer. (Dkt. Nos. 42, 47, 48.) The Parties have also allegedly been in frequent contact since the Court's February 5, 2019 order. (Dkt. No. 48 at 2.)

When an entry of default has been made pursuant to Rule 55, the Court may set aside the entry of default for good cause. Fed. R. Civ. P. 55(c). This good cause standard is liberally construed "to provide relief from the onerous consequences of defaults and default judgments." *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987); *see also Tolson v Hodge*, 411 F.2d 123, 130 (4th Cir. 1969) ("Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits."); *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) ("We have repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits.") (citations omitted).

Generally speaking, "a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense." *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967). Plaintiff Cassano has clearly moved with reasonable promptness here, remaining active in the case after the Court's Order, and responding to Defendant Adler's motion for a default judgment one day after it was filed. (Dkt. Nos. 45, 47.) Further, Plaintiff Cassano has articulated a "meritorious defense." *See United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) ("all that is necessary to establish the existence of a "meritorious defense" is a presentation or proffer of evidence, which, if believed, would permit

either the Court or the jury to find for the defaulting party."). Namely, Cassano, as explained in his motion to dismiss (Dkt. No. 32-1) alleges that Defendant Adler cannot show that a contract existed and, regardless of the existence of the contract, argues in detail that Cassano did not breach any terms of a contract. (*Id.* at 9 – 12.) Therefore, good cause exists to set aside the default.

Finally, the Court finds that good cause exists under Federal Rule of Civil Procedure 6 to extend the time for Plaintiff Cassano to answer Defendant's Amended Counterclaim (Dkt. No. 30). The Court finds persuasive the fact that Plaintiff Cassano has acted throughout this litigation with reasonable promptness. Further, the Court finds this extension will not prejudice Defendant as Defendant has been permitted to previously amend his counterclaims, the Court ruled on Plaintiff's motion to dismiss less than six weeks ago, and the Court has granted an extension to the scheduling order in light of Defendant Adler's recent retention of counsel.

### III. Conclusion

The Court therefore **DENIES** Defendant Adler's Motion for Default Judgment (Dkt. No. 45), the Entry of Default (Dkt. No. 49) is **SET ASIDE**, and the Court **GRANTS** Plaintiff Cassano's Motion for an Enlargement of Time to File an Answer (Dkt. No. 48). Plaintiff Cassano is directed to file his Answer to Defendant Adler's Amended Counterclaim (Dkt. No. 30) within **TEN (10) DAYS** of this Order.

**AND IT IS SO ORDERED.**

_____
Richard M. Gergel
United States District Court Judge

March 14, 2019
Charleston, South Carolina